**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**DELOIS BAYMON**                                                                    **PLAINTIFF**

**V.**                                                                      **CASE NO. 4:08CV14**

**FEDERAL COMPRESS WAREHOUSE**                                     **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the court on the motion of defendant, Federal Compress Warehouse ("Federal"), for summary judgment and for oral argument on the motion.

Plaintiff, Delois Baymon, filed the instant suit alleging violations of her rights under the Americans with Disabilities Act ("ADA") and the Equal Pay Act ("EPA").

Baymon was employed as an equipment operator at Federal's Belzoni location. She worked as a seasonal employee from 1992 until 2002. At that time she resigned to seek other employment. She was rehired as a seasonal employee in September 2003. On September 15, 2004, she became a full time Federal Employee. Baymon's work consisted of moving and storing bales of cotton.

Baymon's claim under the EPA is that she was paid less than her male counterparts who were performing the same job duties. Baymon was one of four equipment operators and the only woman. Two of the operators were paid more than Baymon and one was paid less. Baymon concedes the pay disparity was based on seniority.

Baymon was diagnosed with breast cancer in 2006. She requested and was granted leave under the Family Medical Leave Act. Her leave expired on December 13, 2006. She did not return to work following the expiration of her leave. On January 11, 2007 she was terminated

retroactively to December 14, 2007.  Baymon alleges she was illegally terminated because of her disability.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence.  *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000).  In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe.  *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

Baymon's claim under the EPA, 29 U.S.C. § 206, falls under the familiar rubric of *McDonnell Douglas v. Green*, 411 U.S. 792 (1973).  Under this framework a plaintiff must establish a *prima facie* case by showing: (1) her employer is subject to the Act; (2) she performed work, under similar conditions, that required equal skill, effort, and responsibility; and (3), she was paid less then employees of the opposite sex.  *Wiley v. American Elec. Power Service Corp.*, 287 Fed. Appx. 335, 340-341 (5th Cir. 2008) (citing *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993)).

Federal disputes that they are subject to the act and that the work performed by Baymon required equal skill, effort, and responsibility in comparison to employees who made more than she did.  The court makes no findings as to these issues.  Instead the court looks to the remainder

of the *McDonnell Douglas* test because it so obviously requires a grant of summary judgement.

Assuming *arguendo* that Baymon could make a *prima facie* case, Federal would then be able to raise an affirmative defense that the pay disparity "is made pursuant to (i) a seniority system." 29 U.S.C. § 206(d)(1); *Wiley*, 287 Fed. Appx. at 341 (citing *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1136 (5th Cir. 1983). Not only has Federal raised such a defense in this motion, but Baymon has conceded that Federal's pay system, including her pay, is based on length of tenure. As such Baymon's claim under the EPA must fail.

Baymon's claim that she was terminated because of her disability is governed by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112. At the summary judgment stage such a claim requires either direct evidence of discrimination or circumstantial evidence sufficient to satisfy the framework established by *McDonnell Douglas Corp.*, 411 U.S. 792. *Stalcup v. Communication Workers of America*, 44 Fed. Appx. 654 (5th Cir. 2002) (citing *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995)).

> Under this framework a plaintiff
>
> can establish a prima facie case of discrimination by showing that: (1) she suffers from a disability; (2) she is qualified for the job: (3) she was subject to an adverse employment action; and (4) she was treated less favorably than non-disabled employees.

*Id*. (citing *Daigle*, 70 F.3d at 396).

For the purposes of this motion Federal only challenges that Baymon was qualified for the position from which she was terminated. "A 'qualified individual with a disability' is one with a 'disability,' who, 'with or without reasonable accommodation, can . . . perform the essential functions of the employment position that [he or she] holds or desires.'" *Grubb v. Southwest Airlines*, 296 Fed. Appx. 383, 387-88 (5th Cir. 2008) (quoting 42 U.S.C. § 12111(8)).

Federal's argument is that Baymon was not released by her doctor to return to work at the time of her termination. In fact it appears from the record that Baymon had not been released by her physician even at the time the instant suit was filed.

It is clear that Baymon could not 'perform the essential functions' of her position because her physician would not release her to go back to work. This court has previously held that where a truck driver was not released to go back to work he was not 'qualified' for the purposes of the ADA. *Mink v. Wal-Mart Stores, Inc.*, 185 F.Supp.2d 659, 664 (N.D. Miss. January 24, 2002). Since Baymon could not perform the functions of her employment she was not a qualified individual under the ADA and her claim must fail.

The arguments before the court are clear and raise no novel issues of law. As such Federal's motion for oral argument is DENIED. Federal's motion for summary judgment is GRANTED.

This the 17th day of December, 2009.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**